## CIRCUIT COURT OF FAIRFAX COUNTY

Mark Peterson
and Linda Peterson

v.

Fairfax Hospital Systems, Inc., et al.

December 21, 1993

Case No. (Law) 111888

BY JUDGE THOMAS D. HORNE

Of the attorney-client privilege, it has been said:

> [T]he object of the privilege . . . is that he (the client) should be unhampered in his quest for advice. On the other hand, when he knowingly departs from that purpose and interjects other matters not relevant to it, he is in that respect not seeking legal advice, and the privilege does not design to protect him . . . . 8 Wigmore, *Evidence*, § 2310 p. 599; *Seventh District Committee v. Gunter*, 212 Va. 278, 288 (1971).

Thus, courts have come to recognize the crime-fraud exception to the claim of privilege. The purpose of the crime-fraud exception to the attorney-client privilege is:

> to assure that the "seal of secrecy" . . . between lawyer and client does not extend to communications "made for the purpose of getting advice for the commission of a fraud or crime" [authority omitted]. *United States v. Zolin*, 109 S. Ct. 2619, 2626 (1989).

In this case, Plaintiffs assert that the claim of the attorney-client and work product privilege raised by the Defendants must yield to their discovery requests.

Absent a showing of substantial need and undue hardship, materials prepared in anticipation of litigation are not discoverable. Rule 4:1, Rules of the Supreme Court of Virginia. Even where such a showing is demonstrated, courts are admonished to protect disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney or other representative. Plaintiffs in this case seek discovery of such protected materials under the crime-fraud exception. Just as the crime-fraud exception may serve to open attorney-client communications to review, so too, it may afford access to protected work product. Thus, one seeking discovery of opinion work product must demonstrate;

> (1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme and (2) the documents containing the attorney's opinion work product must bear a close relationship to the client's existing or future scheme to commit a crime or fraud .... *United States v. Pfizer, et al.*, 560 F.2d 326, 337 (8th Cir. 1977).

The work product privilege, like the attorney-client privilege, extends to documents prepared in anticipation of terminated, unrelated litigation. *Id.*

The procedural background of this case has been addressed in earlier letter opinions which are incorporated herein and to be read with this decision. The Amended Motion for Judgment seeks the recovery of damages for alleged perversions of the truth concerning the possible victimization of a hospitalized infant. Plaintiffs suggest that these fraudulent misrepresentations to them were offered as one of several explanations for their son's having received an administration of adult strength insulin during the period of his care and treatment. The treatment rendered was later made the subject of a medical malpractice suit. This earlier action was eventually terminated by settlement. Thus, many of the documents to which privilege is asserted were generated in the context of related, but now terminated, litigation.

Counsel for the Defendants have furnished the Court with extensive privilege lists in response to Plaintiffs' discovery requests. This letter opinion follows a hearing to determine whether Plaintiffs are entitled to discovery of evidence, relevant to these proceedings, but which

except for the "crime-fraud" exception, would be protected by the attorney-client or opinion work-product privilege. Counsel for the Defendants have suggested the applicability of other privilege rules to various documents· set forth on the lists. These include the general work product, hospital patient, and self-evaluative (§ 8.01–581.17, Code of Virginia) privileges. As noted in this letter opinion, the Court finds that with the exception of those matters otherwise covered by the attorney-client and opinion work product privileges, Plaintiffs have met the burden of demonstrating need, hardship, and good cause sufficient to require production without the need of *in camera* inspection by the Court.

Plaintiffs have the burden of establishing a *"prima facie"* case of fraud in order to prevail in their attempt to obtain material alleged to be cloaked with the attorney-client privilege. *Clark v. United States*, 289 U.S. 1, 53 S. Ct. 465, 469–470 (1933). The Court may make an *in camera* review of alleged privileged material prior to making it available to requesting party. The Court may then use such material examined *in camera*, along with other evidence, to determine whether Plaintiffs have met the *prima facie* standard of disclosure. However, in order for the Court to undertake such an *in camera* review, the Plaintiffs must demonstrate by relevant evidence, lawfully obtained, and not adjudicated to be privileged, that there exists a reasonable belief that *in camera* review may yield evidence establishing the exception's applicability. *Zolin, supra* at 2632. The court finds that the Plaintiffs have demonstrated the existence of such a "reasonable belief" in this case.

Accordingly, the Court will conduct an *in camera* inspection of those materials to which a claim of the attorney-client or opinion work product privilege has been asserted. Those materials not otherwise claimed to be covered by the attorney-client or opinion work product privilege shall be produced without *in camera* inspection (excepting those materials to which the claim of privilege may apply to a person not a party to this action). However, the Court will defer a ruling as to whether the Plaintiffs have made out a *prima facie* case sufficient to entitle them to production until such review has been completed. *In re Special September 1978 Grand Jury (II)*, 640 F.2d 49 (7th Cir. 1979).

Although fraud of the Defendants is the aegis of this action, the Court is not required to weigh the evidence as it would upon the ultimate determination of the issue at trial. Plaintiffs need only make a sufficient showing:

such as to subject the opposing party to the risk of non-persuasion if the evidence as to the disputed fact is left unrebutted. *Duplan Corp., et al. v. Deering Milliken, Inc., et al.,* 540 F.2d 1215, 1219 (4th Cir. 1976) (citations omitted).

Applying this rule to the instant submissions, it is not unreasonable to suggest that the hospital, shortly after the injury to Matthew, purposefully embarked on a course of conduct intended to conceal information and create doubt in the minds of others as to its responsibility for his injuries. Furthermore, the material submitted by the Plaintiffs might reasonably suggest that, while the cause of the infant's condition was uncertain, the injection of the specter of a criminal agency into the search for a cause of the infant's injuries was without foundation. Thus, Plaintiffs may argue that the suggestion of a crime having been committed was an attempt to deflect attention away from the possibility of negligence on the part of the health care provider's staff. It is a reasonable inference to be gleaned from the documents submitted that the health care provider and its counsel acted contrariwise to what might be expected of a search to ferret out criminal misconduct and to bring the perpetrator to trial. One might argue that the actions of the hospital and its lawyer to withhold information and retain files belie any such intent to assist others in such an investigation. Accordingly, Plaintiffs suggest that the focus of the efforts of health care provider and its counsel was to minimize, by whatever means possible, its exposure to damages in the event of a lawsuit. Accordingly, the Court finds that the Plaintiffs have laid a sufficient predicate for *in camera* review of materials to which there has been a claim made of attorney-client or opinion work product privilege. Those materials to which a general work product privilege has been asserted shall be produced. The Court will make provision for a protective order governing access to such documents upon the request of any of the parties.